BRITTON C. WARE, plaintiff in error, *vs.* THE STATE, defendant in error.

1. Costs can not be collected in a criminal case until after conviction.
2. The Act of 22d December, 1857, that provides as to the county of Bibb, that persons arrested under warrant for criminal offences, who give bond, etc., shall pay the costs of the magistrates and constables, does not apply to a case where the magistrates have refused bail, and in which the accused has been subsequently admitted to bail by the Judge of the Superior Court upon an application for that purpose by writ of *habeas corpus.*
3. Where there are different hearings upon a writ of *habeas corpus,* the officers are entitled to their fees for each hearing.

Murder and bail, in Bibb Superior Court. Decided by Judge LOCHRANE, at May Term, 1862.

Counsel for Britton S. Ware, who was in confinement under a charge of murder, moved the Court to admit him to bail. The Court ordered that he should be admitted to bail upon his giving bond, and after paying all costs. The costs included those incurred on the committing trial, on two hearings on *habeas corpus*, jail fees, recommitments, guards, etc. To this order plaintiff in error excepts.

1st. That by the statutes of Georgia no costs can be collected by the Superior Court, or its officer, on any criminal proceeding until after conviction.

2d. Because there is no legal authority to collect the costs in this case.

Judge Lochrane makes the following addition to the bill of exceptions:

"It being agreed that Ware resides in Twiggs, not Bibb, county, and that the sheriff failed to seize his property or take security for the costs, the cost I ordered paid rather in conformity with the practice of the Courts than by authority of any statute; by reference to the Act of 1857, the costs of the magistrates in the county of Bibb are properly collectable, and this much of the bill of costs I thought it my duty to allow. The costs accruing on *habeas corpus* were incurred by the act of defendant, he was the movant. The

Ware *vs.* The State.

officers of Court performed labor by reason of his request and on his petition. If they are not properly collected on his discharge on giving bail, I doubt their being taxed in the bill of costs on the final hearing. The jail fees I allowed, believing it right that the terms of the bail should be such as would save the county cost, and the officers of Court a doubtful collection of fees."

—— ——, for plaintiff in error.

L. N. WHITTLE, for defendant in error.

*By the Court*—LYON, J., delivering the opinion.

1. By the general law of the State, no costs are recoverable from one for an offense against the criminal laws, until convicted.   Cobb Dig., 857-9, 860-1.

2. It is urged in support of the judgment of the Court below as to the costs of the magistrates and constables, the payment of which was ordered by that judgment, that the county of Bibb is an exception to the general rule, and the Acts of 22d December, 1857, pamphlet page 234, and of 22d January, 1852, pamphlet page 443, are relied upon in support of that position. Those Acts provide, "that when any person is arrested under a charge of felony or misdemeanor, under any warrant, and enters into a bond, he shall pay the magistrate's and constable's costs." We admit that these statutes are an exception to the general law; but this case does not fall within the exception, and as these statutes are in derogation of common right, we cannot by construction extend it to a case that is not plainly within its import, although we think it is within the spirit of the statute. The bond was not given to or taken by the magistrate under the arrest; but the bail was refused and the accused committed to jail. This carried the case out of the provisions of the statute, and when the Judge of the Superior Court subsequently upon the hearing of the *habeas corpus* admitted the accused to bail, he had no power to put other terms upon him than those required by the general law of the land. It was in his

Ware *vs.* The State.

discretion to admit to bail or not, but not to impose additional burdens.

3. So we think that the order of the Court for the payment of costs was erroneous, except as to the costs that accrued upon the hearings of the writ of *habeas corpus* and in that matter we are of the opinion that the officers are entitled to their fees on each hearing, and when the services were rendered by the sheriff, that he is entitled to the fees allowed by law to sheriff's for such service, and not to those of a constable, although the same service might have been rendered by a constable.

Let the judgment be reversed.